IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| E.I. DU PONT DE NEMOURS AND COMPANY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | C.A. No. 13-912-LPS |
| | ) | |
| INC INTERNATIONAL COMPANY d/b/a | ) | |
| UNEQUAL TECHNOLOGIES COMPANY, | ) | |
| | ) | |
| Defendant. | ) | |

## **MEMORANDUM**

At Wilmington this 24th day of August, 2015:

On May 12, 2015, the Court held a hearing on Plaintiff's Motion to Reopen Case, to Hold Defendant in Contempt, and for Sanctions. (D.I. 8) The Court announced its decision from the bench at the conclusion of the hearing. In granting in part and denying in part without prejudice Plaintiff's motion, the Court's reasoning was as follows:

> I am prepared to give you my ruling on DuPont's motion. This, of course, is a motion to reopen the case, to hold the defendant in contempt, and for sanctions. Having reviewed the materials prior to today and having heard argument and had my questions answered, my ruling is that the motion is granted to the extent that defendant is found to be held in contempt. It is denied without prejudice to the extent it also seeks to reopen the case and to impose sanctions.
>
> I was focused before I came in for the hearing today on whether the defendant's conduct is contemptuous, and most of what we talked about today was about that question. I have been able to resolve that portion of the motion. And I didn't want to hold . . . off giving you that portion of my decision since I reached that decision and also particularly given the length of time that the motion has been pending, the changing nature of defendant's

1

marketing materials, the ongoing violations of the Court's judgment order, and even defendant's request for guidance. That is why I am giving you the portion of my ruling that I have been able to reach, and we will talk about how you are going to help me to resolve the remaining portions of the motion.

But let's focus on whether or not the defendant is in contempt and why I have found they are. Contempt, of course, requires that DuPont prove by clear and convincing evidence, first, that a valid court order existed. This is uncontested. The judgment order was entered as an order of the Court.

Next, DuPont must prove that defendant had knowledge of that order. Again, this is uncontested. The defendant had knowledge of the judgment order.

And, [t]hird, DuPont must prove by clear and convincing evidence that the defendant disobeyed the order. This is really what is in dispute, but I find by clear and convincing evidence that the defendant has violated the judgment order.

As DuPont accurately described, the structure of the judgment order is that defendant is enjoined, restrained, and prohibited from various acts in connection with defendant's Kevlar mark, including asserting that the Kevlar mark is generic. That comes from Paragraph 1(b) of the judgment order.

It seems today that many of defendant's arguments essentially amount to an assertion that the Kevlar mark is generic. But that is not something that defendant is permitted to do or argue given the judgment order.

The judgment order further prohibits the defendant, under 1(d), from advertising, promoting, displaying, distributing, offering for sale or selling any other products bearing the Kevlar mark. I agree with DuPont that in the context here, based on the limited record before me, that this is a prohibition on, among other things, advertising and promoting any of defendant's products through use of the Kevlar mark. That is, I do not agree with the defendant's narrower interpretation of the judgment order[,] which would have . . . prohibited [it] from use of the mark in advertising and promoting only with respect to products that themselves have the Kevlar mark physically affixed to them. I reject that interpretation

2

of the judgment order.

The evidence in the record is that defendant is using DuPont's Kevlar mark for advertising and promoting its products. The evidence on that point is not merely clear and convincing, it is overwhelming, and I think even in many respects is undisputed.

We have, of course, pictures of defendant's marketing materials, including pages from its website or screenshots of its website from various points in time over the past year, including as recently as yesterday. Thus, given the terms of the judgment order, the burden falls on defendant to show that its use of the Kevlar mark is permitted under the exception provided in the judgment order in Paragraph 1(g). That paragraph essentially sets out six requirements, all of which must be satisfied in order for a use of the mark to be permitted. Specifically, the three express[] conditions called out in the order itself as well as the three requirements the Third Circuit imposes for satisfying the nominative fair use standard. Defendant has failed to meet this burden.

First, the uses shown in the record are not "limited to identification of Kevlar brand aramid fiber as one ingredient among other parts of the product." That is one of the express requirements of the judgment order.

Whether or not this requirement strictly limits defendant's use to a mere ingredient list is not dispositive since on this record the uses defendant has engaged in are far removed from simply using the mark just as identification as opposed to, for instance, promotion.

A second way in which the defendant failed to meet its burden is that the uses shown in the record show use of the Kevlar mark "in a prominent manner" where the appearance of the mark is not visually similar to the surrounding text as the use of the mark is not always in the same size, font, and color as the rest of the text describing the product components. Therefore, again, defendant's use fails to satisfy this additional requirement called out in the judgment order.

Further, the uses shown in the record are attention getting uses which means that they are uses that do not come within the

3

nominative fair use standard under Third Circuit precedent, yet another reason why defendant has failed to show that its uses are [permitted]. These attention getting uses are not necessary to describe DuPont's product and defendant's product.

Alternatively, for instance, the defendant could describe DuPont's product as aramid fiber. Defendant could also explain that the various layers of defendant's products include aramid fiber as opposed to Kevlar. Instead, by calling out Kevlar and doing so, for instance, as the only text highlighted in yellow in the one example we discussed most extensively today, the defendant's use of the Kevlar mark does not reflect the true relationship between DuPont and defendant's products. Instead, it implies a sponsorship by DuPont of defendant's products or, at a minimum, it does not accurately reflect the reality that DuPont is merely a supplier of an ingredient for defendant's products.

Defendant's defenses to the Court's decision are unavailing.

First, defendant has failed to prove substantial compliance with the judgment order for reasons including the following: First, the defendant has failed to show that it has taken all reasonable steps to comply with the judgment order. Under the circumstances, "all reasonable steps" would have included I believe better communicating with DuPont to try to work out these disputes, possibly even seeking DuPont's consent or at least trying to understand DuPont position as to whether DuPont shared defendant's interpretation of permitted use of the Kevlar mark under the judgment order. There is no evidence that defendant ever ran by the plaintiff any of its intended uses or even had a discussion of whether the limit of the permitted uses were limited to an ingredient list, for instance.

Defendant also fails to include anywhere on its website or any other marketing materials in the record a disclaimer relating to the non-relationship between DuPont and defendant's products.

Defendant has also failed to show its violations of the judgment order were merely technical or inadvertent. Instead, from the record, it is clear that defendant's uses and violation of the order were intentional acts, albeit based on what I accept was a misinterpretation of the judgment order. But a misinterpretation of an order is not what I understand the cases to mean when they

4

speak of "technical inadvertent violations."

For these reasons, the Court finds that the defendant has violated the judgment order. Defendant is therefore adjudged and held to be in contempt of the Court's judgment order.

As for the appropriate sanctions, I am not prepared today to make a decision on that, but I do want to do so in a timely manner. The reasons I can't do so today include again I was focused really logically on the prior question today as to whether or not the defendant is in contempt, but they also include that defendant's uses of the Kevlar mark are changing. Even DuPont acknowledges that some of the relief it seeks today requires additional evidence not yet in the record and further briefing may be necessary to assist the Court particularly to reflect today's ruling.

I am also concerned that some of the relief sought by DuPont seems beyond the relief it obtained in the judgment order. That may [be] warranted under the circumstances[,] which now include defendant's repeated violations of the judgment order. But I think I would benefit from more assistance from the parties on this point. So I will be asking momentarily the parties for their positions as to how soon they can meet and confer and propose to me a procedure for DuPont to renew its request for sanctions and to help me determine hopefully in a timely manner what those sanctions should be.

(Transcript of May 12, 2015 hearing) (D.I. 26 at 47-55)

/s/ Leonard P. Stark

HON. LEONARD P. STARK
UNITED STATES DISTRICT JUDGE

5